flicting evidence whether or not the loan was procured through the efforts of the plaintiff, the jury found in defendant's favor; and, since no motion for the direction of a verdict was made by the plaintiff, the judgment must be affirmed, unless some error of law appears in the admission or rejection of testimony or in the charge of the justice. Objection is made that at one stage of the case plaintiff was not permitted to testify to certain conversations with one Gray, claimed to have been attorney in fact for the defendant. This error, if error it was, was subsequently cured, because, after Gray had given his version of these conversations, plaintiff was recalled and permitted to testify as fully as he chose in regard thereto. Objection is also taken to certain questions put to the treasurer of the bank which ultimately made the loan, asking him upon whose application the loan was made, and whether or not it was made on the application of the plaintiff. The contention now is that this was asking the witness to give his conclusion as to the result of certain facts, and not to state the facts themselves. A reference to the record shows that this objection was not made at the time the questions were put. If it had been, possibly the court would have recognized its force. The question whether the loan was made on the application of the plaintiff was put by the court. The counsel for plaintiff stated no ground of objection, but merely excepted. The question on whose application the loan was made was excepted to as calling for a conclusion of law, which it obviously did not. The charge was not excepted to. One request to charge was refused, but no exception was taken thereto. Judgment affirmed, with costs. All concur.

---

FREEMAN, Respondent, v. PRUDENTIAL INS. CO. OF AMERICA, Appellant. (Supreme Court, Appellate Term. October, 1901.) Action by Harry J. Freeman against the Prudential Insurance Company of America. Campbell & Yankauer, for appellant. Wayne M. Musgrave, for respondent.

FREEDMAN, P. J. This action was brought by the plaintiff to recover for three weeks and two days' salary at an agreed price of $3 per week, and the sum of $17.25 commissions, claimed by the plaintiff to have been earned by him as an insurance agent while employed by the defendant, less the sum of $6, paid for two weeks' salary. The facts are substantially undisputed as to the hiring and agreement as to amount of the commissions to be paid. But the defendant claimed that the commissions were not to be paid to the plaintiff until a period of 13 weeks had elapsed from the date of each policy written by or through the plaintiff's solicitation. The agreement between the parties was in writing, but was silent upon this question, and each party gave parol evidence in conflict upon that point. Upon that issue the trial court found against the defendant, and gave judgment in favor of the plaintiff. The record discloses no ground for reversal. Judgment affirmed, with costs. All concur.

In re FULTON AVE. (Supreme Court, Appellate Division, First Department. January 17, 1902.) In the matter of Fulton avenue. No opinion. Motion granted, with $10 costs.

---

GARLOCK v. NEW YORK CENT. & H. R. R. CO. (Supreme Court, Appellate Division, Fourth Department. December 3, 1901.) Action by Imogene Garlock, as administrator, etc., against the New York Central & Hudson River Railroad Company. No opinion. Plaintiff's exceptions overruled, and motion for new trial denied, with costs, and judgment ordered for the defendant on the nonsuit, with costs.

---

GOLDBERG, Respondent, v. STROSENSKY et al., Appellants. (Supreme Court, Appellate Division, Second Department. January 17, 1902.) Action by Bella Goldberg by Isidor Goldberg, her guardian ad litem, against Rebecca Strosensky and another. No opinion. Order affirmed, with $10 costs and disbursements.

---

GOODRICH, Appellant, v. HILL et al., Respondents. (Supreme Court, Appellate Division, Third Department. December 31, 1901.) Action by Stephen Goodrich, as ancillary administrator, etc., of Ralph L. Goodrich, deceased, against Fred C. Hill and another.

PER CURIAM. Judgment modified by striking therefrom that part which adjudges that Fred C. Hill and Barney M. Stebbins, as executors and trustees under the will of Ralph L. Goodrich, deceased, are entitled to take and hold the fund produced by the payment of the mortgage or by the sale on foreclosure, and also by striking therefrom that part which restrains the plaintiff from paying over or passing said fund, or any part thereof, out of his hands or beyond the jurisdiction of the court, until the further order of this court, and, as so modified, with the order substituting the plaintiff, affirmed, without costs to either party.

---

In re GORDEN et al. (Supreme Court, Appellate Division, Second Department. December 23, 1901.) In the matter of the judicial settlement of the account of Joseph Gorden, Susan Gorden, Burt D. Harrington, and Stephen M. Hoye, as executors and trustees under the last will and testament of William Gorden, deceased. No opinion. Reargument ordered for Wednesday, January 8, 1902.

---

GORDON BATTERY CO., Respondent, v. AMERICAN WATCHMAN'S TIME DETECTOR CO., Appellant. (Supreme Court, Appellate Term. October, 1901.) Action by the Gordon Battery Company against the American Watchman's Time Detector Company. From a judgment in favor of the plaintiff, the defendant appeals. Affirmed. Walter L. Bunnell, for appellant. Junius Pendleton Wilson, for respondent.

McADAM, P. J. The action was to recover the agreed price of certain batteries furnished to the defendant by the plaintiff, and the sole defense breach of warranty and damages. The batteries were not manufactured for the de-